UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     v.                                                3:95-cr-0232

ANTHONY DEVIVO,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Defendant seeks to lift the federal detainer lodged against him in September 2000. Defendant contends that the detainer is illegal because he already served the maximum allowable period of federal supervised release.

        The Court finds no basis upon which to believe that the federal detainer is illegal. Defendant commenced a four year term of supervised release on or about June 17, 1997. Approximately five months into his term of supervised release, Defendant was arrested for violating the conditions of his New York State parole. While Defendant was incarcerated on this violation, his term of federal supervised release was stayed. 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime. . . .").

        Defendant was released from state custody on or about May 26, 1998, at which time his term of supervised release began to run again. On July 28, 1998, Defendant was arrested on charges of burglary, criminal trespassing, and criminal mischief. Defendant was convicted of burglary, perjury, and criminal mischief, and, in June 1999, sentenced to time in

prison. Again, because Defendant was imprisoned, the clock on his federal supervised release was stayed.

As a result of this criminal conviction, in September 2000, a violation petition was filed with the Court. At that time, Defendant's term of supervised release had not been completed. This Court issued an arrest warrant, which warrant was lodged as a detainer with the New York State Department of Corrections. Because Defendant is believed to have violated the terms and conditions of his supervised release while still under supervised release (by committing a crime), the warrant and detainer filed with the New York State Department of Corrections is proper.

To the extent Defendant claims that he has already served the maximum amount of time allowable for any violation of the terms and conditions of his federal supervised release, the Court disagrees. In determining the penalty for a violation of supervised release, the Court is not required to credit Defendant with time served in incarceration for the underlying offense or for any state offenses. See U.S.S.G. § 7B1.3(f); 90 Fed. Proc. § 22:2062. The fact that Defendant's prior federal sentence may have run concurrently to his state sentence is irrelevant to the running (or staying) of his supervised release while he is incarcerated.

For the foregoing reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: May 15, 2007

Thomas J. McAvoy
Senior, U.S. District Judge